IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHLEEN A. BUNT | ) |
| | ) |
| v. | ) NO. 3:19-1013 |
| | ) |
| CLARKSVILLE MONTGOMERY | ) |
| COUNTY SCHOOL SYSTEM | ) |

**To: Honorable Aleta A. Trauger, District Judge**

# REPORT AND RECOMMENDATION

By Order entered November 25, 2019 (Docket Entry No. 4), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Plaintiff's motion to remand, *see* Docket Entry No. 7, to which Defendant has filed a response in opposition. *See* Docket Entry No. 10. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion to remand be denied.[1]

## I. BACKGROUND

Kathleen Bunt ("Plaintiff"), a Tennessee resident, filed this lawsuit *pro se* in the Circuit Court for Montgomery County, Tennessee on October 17, 2019. Plaintiff sues the Clarksville Montgomery County School System ("Defendant" or "School System") for violations of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq*. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"). *See* Complaint (Docket Entry No. 1-1). Among other things, Plaintiff alleges in a 47 page complaint that she has

---

[1] In accordance with *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001), the motion to remand is construed as a a dispositive motion requiring a Report and Recommendation.

unsuccessfully sought a full-time teaching job with Defendant, applying for numerous positions over the years, but that she has not been selected for a position. She attributes her non-selection to unlawful age discrimination and to retaliation against her because of her pursuit of complaints about discrimination. *Id*. at ¶¶ 35, 102, 118, and 130. Plaintiff also alleges that Defendant has destroyed and/or not preserved human resources records. Although Plaintiff asserts that she pursued charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the relevant charges of discrimination and right-to-sue letters are not attached to her complaint.

On November 15, 2019, Defendant filed a Notice of Removal of the action to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that federal question jurisdiction exists in this case because Plaintiff's complaint raises a federal law question, and the action was removed to this Court. *See* Docket Entry No. 1. Defendant has filed an answer to the complaint, a scheduling order has been entered, and the case is set for a trial by jury on December 1, 2020. *See* Docket Entry Nos. 11, 12, and 13.

After removal, Plaintiff filed the pending motion to remand, opposing removal and seeking an order remanding the case back to the state court. Plaintiff argues that she properly filed her lawsuit in state court because the venue provision of Title VII, 42 U.S.C. § 2000e-5(f)(3), permits her Title VII claim to be brought in state court and that her choice of where to file her lawsuit should be respected. *See* Docket Entry No. 7 at 1-11. She also points out that a prior Title VII case that she filed in state court was not removed. *Id*. at 14-15. Finally she asserts that she did not receive from Defendant either a copy of the notice of removal or a notice that Defendant was retaining different counsel in this lawsuit than who represented Defendant in the administrative proceedings. *Id*. at 11-14 and 16.

In response to the motion to remand, Defendant argues that Plaintiff's case was properly removed to federal court under 28 U.S.C. § 1441(a) since Plaintiff is pursuing Title VII claims that arise under federal law and that Plaintiff offers no legally supported basis supporting remand. *See*

2

Response (Docket Entry No. 10). Defendant does not respond to any of the other issues raised by Plaintiff in her motion.

In a reply or rebuttal to Defendant's response, Plaintiff reiterates her arguments that she is entitled to pursue her Title VII claims in state court. *See* Rebuttal (Docket Entry No. 14). She further contends that concurrent jurisdiction permits state courts to hear Title VII claims, that she clearly stated in her complaint that jurisdiction over her action was premised upon the Tennessee Human Rights Act ("THRA"), and that the right to sue letter and attachments that she received from the EEOC stated that she could file a lawsuit in state or federal court. *Id*. Plaintiff also attaches to her rebuttal a copy of a case from the Northern District of Illinois, which addresses issues of venue and which she asserts supports her position. *See* Docket Entry No. 14-3.

## II. ANALYSIS

In considering a motion to remand, the Court's focus is restricted to its authority to hear the case pursuant to the removal statute, 28 U.S.C. § 1441. *Bajor v. Wal-Mart Corp.*, 2008 WL 3200022 at *2 (E.D.Mich. Aug. 6, 2008). A civil case brought in state court may be removed by a defendant to federal district court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 7-8 (1983). The party seeking removal has the burden of establishing that federal jurisdiction exists to support removal. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007).

The Court finds that removal of this case was proper. Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. A case arises under federal law when an issue of federal law appears on the face of a well-pled complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Plaintiff's lawsuit asserts claims based upon alleged violations of Title VII and the ADEA. Because these claims are created by federal statutes, they unquestionably arise under federal law and bestow upon this Court original subject matter jurisdiction over Plaintiff's lawsuit under Section 1331. *See*

*Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006). The fact that Plaintiff's statement of the jurisdictional basis for her complaint refers only to the THRA and excludes reference to Title VII, the ADEA, or a federal jurisdictional statute, *see* Complaint at ¶ 3, is not determinative of the issue because she clearly raises federal claims in her lawsuit.[2]

Accordingly, Plaintiff's lawsuit was subject to removal by Defendant from state court to federal court under 28 U.S.C. § 1441(a) since it is a lawsuit that could have been brought in federal court in the first instance. In this situation, remand is not warranted. *See Bailey v. U.S.F. Holland, Inc.*, 2015 WL 2125137 at *3 (M.D.Tenn. May 6, 2015) (Trauger, J.) ("Here, the court has original jurisdiction over the Title VII claim. Thus, regardless of this court's disposition of the Title VII claim following removal, removal under § 1441(a) was proper and there was no defect in the petition."); *Gaynor v. Miller*, 205 F.Supp.3d 935, 938 (E.D.Tenn. 2016) ("If the court determines that the removing party has met this burden [of showing that the federal jurisdictional requirements are satisfied], then the court should not remand the case back to state court.").

Plaintiff's arguments against removal and her request for remand lack merit. While it is true that the state courts and the federal courts share concurrent jurisdiction over Title VII claims, *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 831 (1990), and this permits the state courts to hear Title VII claims, the grant of concurrent jurisdiction to a state court over a federally created claim in no way precludes the federal court from exercising its original jurisdiction and is not a basis to remand an otherwise removable action. *See Hughes v. Ohio Bell Tel. Co.*, 916 F.2d 367, 372 (6th Cir. 1990) ("We find, however, that the district court may not remand a case over which it properly has jurisdiction, even if that case had been removed from state court."); *Nesbitt v. Bun Basket, Inc.*, 780 F.Supp. 1151, 1153 (W.D.Mich. 1991) ("the mere existence of concurrent jurisdiction, standing alone, is not a sufficient reason to remand an otherwise removable action."); *Aben v. Dallwig*, 665 F.Supp. 523, 525 (E.D.Mich.1987) (collecting cases); *Pierre v. Miami-Dade Cty.*, 2006 WL 8433535

---

[2] The Court notes that, although Plaintiff refers to the THRA in the jurisdictional statement of her complaint, she does not actually set out a claim under the THRA or even mention the THRA at any other place in her complaint.

at *1 (S.D.Fla. Feb. 14, 2006) ("Merely because a state court may hear a case involving a federal claim does not mean that a defendant is divested of his right to remove that case to federal court. That is not the holding of *Yellow Freight* . . . ."). Further, Plaintiff's reliance on the venue provision of Title VII as a basis requiring remand is misplaced. Venue is an issue that only arises after subject matter jurisdiction is established. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006); *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Consideration of venue has no bearing upon the propriety of removal of a case over which the Court has original jurisdiction. The Court notes that the federal district court case attached by Plaintiff to her rebuttal is not on point on the issue of remand because the case involved a lawsuit originally filed in federal court, and the court's discussion of venue pertained to the comparison of appropriate venue between federal courts.

The Court briefly addresses the other issues raised by Plaintiff in her motion. Defendant's notice of removal contains a certificate of service stating that a copy of the notice of removal was mailed to Plaintiff at her address of record. *See* Docket Entry No. 1 at 3. Thus, it appears that Defendant complied with the notice provisions of 28 U.S.C. § 1446 and Rule 5 of the Federal Rules of Civil Procedure. However, even if the Court takes as true that Plaintiff did not actually receive the mailed copy of the notice of removal, she nonetheless clearly obtained notice of the removal somehow and was not prejudiced in filing her motion to remand. Defendant is not required to use the same attorney in this case that it used in pre-litigation administrative proceedings and no notice was required to be provided to Plaintiff that a different attorney would represent Defendant in this case. Further, the fact that a prior employment discrimination case filed by Plaintiff was not removed has no relevance to the issues in this case. Additionally, the information provided to Plaintiff by the EEOC was correct as far as her ability to file in either state or federal court, but this general information simply has no impact on the issue of removal in this case.

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that Plaintiff's motion to remand (Docket Entry No. 7) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                        Respectfully submitted,

                        BARBARA D. HOLMES
                        United States Magistrate Judge